IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| LUCANIA M. STRONG, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:22-CV-00410-DGK-SSA |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | ) ) ) ) |
| Defendant. | ) ) |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This case arises from the Commissioner of Social Security's ("the Commissioner") denial of Plaintiff Lucania M. Strong's application for supplemental security income ("SSI") under Title XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 1381–1385. The Administrative Law Judge ("ALJ") found Plaintiff had severe impairments of lupus erythematosus, degenerative disc disease of the lumbar spine, seizure disorder, depression, and anxiety, yet retained the residual functional capacity ("RFC") to perform light work with certain restrictions, including work as a document preparer, addresser, and stuffer.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is, therefore, AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff applied for SSI on January 28, 2020, alleging a disability onset date of October 15, 2017.[1]  The Commissioner denied the application at the initial claim level and Plaintiff appealed the denial to an ALJ.  On May 27, 2021, the ALJ issued a decision finding Plaintiff was not disabled.  The Appeals Council denied Plaintiff's request for review on April 22, 2022, leaving the ALJ's decision as the Commissioner's final decision.  Judicial review is now appropriate under 42 U.S.C. § 405(g).

**Standard of Review**

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are "supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  Substantial evidence is less than a preponderance but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.*  In making this assessment, the Court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it.  *Id.*  The Court must "defer heavily" to the Commissioner's findings and conclusions.  *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015); *see Biestek v. Berryhill*, 139 S. Ct. 1148, 1157 (2019) (noting the substantial evidence standard of review "defers to the presiding ALJ, who has seen the hearing up close").  The Court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternative outcome.  *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

---

[1] At the hearing, Plaintiff amended her alleged onset date to January 28, 2020.  R. at 34.

## Discussion

The Commissioner follows a five-step sequential evaluation process[2] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Here, Plaintiff argues the ALJ erred at Step Four by failing to apply the *Polaski* factors when evaluating Plaintiff's subjective pain. *See* Pl.'s Brief at 27–31, ECF No. 10.

### I. The ALJ properly discredited Plaintiff's subjective complaints.

An ALJ develops the RFC based on all relevant evidence of record, including the claimant's subjective statements about his limitations, as well as medical evidence. *Mabry v. Colvin*, 815 F.3d 386, 390 (8th Cir. 2016). When analyzing a claimant's subjective complaints, the ALJ must consider the *Polaski* factors, which include the claimant's daily activities; the duration, frequency, and intensity of pain; the dosage, effectiveness, and side effects of medication; any precipitating and aggravating factors; any functional restrictions; and the claimant's work history. *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). "Another factor to [] consider[] is the absence of objective medical evidence to support the [claimant's] complaints[.]" *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021) (quotation omitted). "The ALJ is not required to discuss each *Polaski* factor as long as he acknowledges and considers the factors before discounting a claimant's subjective complaints." *Id.* (internal quotation marks omitted).

---

[2] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

Credibility questions are "primarily for the ALJ to decide, not the courts." *Baldwin v. Barnhart*, 349 F.3d 549, 558 (8th Cir. 2003). "If an ALJ explicitly discredits the claimant's testimony and gives good reason for doing so, [the Court] will normally defer to the ALJ's credibility determination." *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003). "[A]n ALJ is entitled to make a factual determination that a [c]laimant's subjective pain complaints are not credible in light of objective medical evidence to the contrary." *Grindley*, 9 F.4th at 630 (internal quotation marks omitted). However, an "ALJ may not discount a claimant's subjective complaints solely because they are unsupported by objective medical evidence," *id.* (quotation omitted), or "solely on the basis of personal observations." *Polaski*, 739 F.2d at 1322 (emphasis removed).

Here, the ALJ discounted Plaintiff's allegations of disabling symptoms because they were inconsistent with the objective medical evidence, the opinions of reviewing physicians, her medical history and degree of required medical treatment, and her reported activities of daily living. R. at 16, 20. These are good reasons for discounting subjective complaints. *See Edwards v. Barnhart*, 314 F.3d 964, 967–68 (8th Cir. 2003) (finding the ALJ properly discounted the plaintiff's subjective complaints because they were inconsistent with his daily activities and medical records).

Plaintiff's argument that the ALJ did not specifically explain how the listed objective findings are inconsistent with her reports of pain is unavailing. The ALJ specifically cited evidence that Plaintiff had normal range of motion and strength in her back, hips, and knees; only "minimal" degenerative disc disease; only mild to moderate lumbar spondylosis; controlled seizures and pain with medication; no epileptiform activity; and controlled behavior and mood. R. at 16–20, 66–67, 285–88, 608, 610, 631, 678, 705, 770, 1375. The ALJ also considered Plaintiff's contradictory statements regarding the relief injections provided her (R. at 989, 1199, 1375); Plaintiff's

worsening pain and swelling in her shoulders, knees, and thighs when she did not take medication (R. at 1411); and Plaintiff's failure to pursue therapy (R. at 589, 609). *See Grindley*, 9 F.4th at 630 (quoting *Chaney v. Colvin*, 812 F.3d 672, 677 (8th Cir. 2016)) ("[M]isuse of medication is a valid factor in an ALJ's credibility determinations."); *Edwards*, 314 F.3d at 967 ("An ALJ may discount a claimant's subjective complaints of pain based on the claimant's failure to pursue regular medical treatment.").

Granted while the ALJ mentioned Plaintiff's reported activities of daily living were inconsistent with her subjective complaints, R. at 16, 20, he did not explain this further. Df.'s Resp. at 4 n.2, ECF No. 13. However, "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Sloan v. Saul*, 933 F.3d 946, 951 (8th Cir. 2019) (quoting *Senne v. Apfel*, 198 F.3d 1065, 1067 (8th Cir. 1999)). An ALJ's reasoning need only be "clear enough to allow for appropriate judicial review." *Id.* And here, the record adequately supports the ALJ's statement that Plaintiff's subjective complaints were inconsistent with her reported activities of daily living. R. at 19–20, 58–60, 74–76, 287, 589, 607–608, 1477. Thus, the ALJ's brevity is not reversible error.

Finally, to the extent Plaintiff believes the ALJ's explanation was not adequate, again "a deficiency in opinion-writing is not a sufficient reason for setting aside an administrative finding where the deficiency had no practical effect on the outcome of the case." *Sloan*, 933 F.3d at 951 (quoting *Senne*, 198 F.3d at 1067). Put simply, Plaintiff requests this Court adopt an alternative view of the facts and substitute its judgment for the ALJ's. But the ALJ's credibility determination is supported by substantial evidence on the record as a whole, and so the Court must affirm.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:  July 6, 2023  /s/ Greg Kays
GREG KAYS, JUDGE
UNITED STATES DISTRICT COURT